UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA ANN ALEA, | ) |
| | ) No. CV-11-193-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 12, 14. Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** Plaintiff's Motion for Summary Judgment, **ECF No. 12, and reverses and remands** for further administrative proceedings.

### JURISDICTION

Plaintiff applied for disability insurance benefits (DIB) on April 23, 2008, alleging disability as of April 16, 2003 (Tr. 127-28). The application was denied initially and on reconsideration (Tr. 72-74, 81-82). Alea alleged disability due to hearing and back problems (Tr. 157).

Administrative Law Judge (ALJ) R. J. Payne held a hearing on September 9, 2009. Plaintiff, represented by counsel, and experts Ronald Klein, Ph.D., and Kendrick Morrison, M.D., testified (Tr. 32-64). On September 18, 2009, the ALJ issued an unfavorable decision (Tr. 17-24). The Appeals Council denied review on April 15, 2011 (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner appealable to the district court. 42 U.S.C. § 405(g). Alea filed this action for judicial review on May 17, 2011. ECF No. 1, 4.

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Alea was 47 years old at the hearing. She lived with her spouse and ten year old daughter (Tr. 46). She graduated from high school and has worked as a bank teller, audit clerk, and at a sandwich shop. She last worked part-time in a sandwich shop, until June 2009, about three months before the hearing (Tr. 48, 50-51, 57-58, 158).

In April 2003, she suffered a back injury at work. Since then Alea has had problems with her back "going out" (Tr. 49). When this happens, she immediately goes to the chiropractor (Tr. 50). Alea moved to Spokane from Las Vegas in August 2006 (Tr. 48, 52). She has well documented hearing loss in both ears. She uses hearing aids which help somewhat, and reads lips, but is unable to hear using a regular telephone (Tr. 50-53, 184). Alea takes prescribed medication when her back goes out, and for anxiety, as needed (Tr. 55-56). She can walk for 20 minutes and sit for 30

1  (Tr. 59). Alea goes to her daughter's school. She usually uses a

2  motorized cart at the grocery store. She dislikes going out alone

3  because she feels anxious (Tr. 57, 60).

4                    **SEQUENTIAL EVALUATION PROCESS**

5      The Social Security Act (the Act) defines disability as the

6  as the "inability to engage in any substantial gainful activity by

7  reason of any medically determinable physical or mental impairment

8  which can be expected to result in death or which has lasted or

9  can be expected to last for a continuous period of not less than

10 twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act

11 also provides that a Plaintiff shall be determined to be under a

12 disability only if any impairments are of such severity that a

13 plaintiff is not only unable to do previous work but cannot,

14 considering plaintiff's age, education and work experiences,

15 engage in any other substantial gainful work which exists in the

16 national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

17 Thus, the definition of disability consists of both medical and

18 vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

19 (9th Cir. 2001).

20     The Commissioner has established a five-step sequential

21 evaluation process for determining whether a person is disabled.

22 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

23 is engaged in substantial gainful activities. If so, benefits are

24 denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not,

25 the decision maker proceeds to step two, which determines whether

26 plaintiff has a medically severe impairment or combination of

27 impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

28     If plaintiff does not have a severe impairment or combination

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                    - 3 -

of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past. If a plaintiff is
able to perform previous work, that Plaintiff is deemed not
disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
this step, plaintiff's residual functional capacity (RFC)
assessment is considered. If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. The burden
then shifts, at step five, to the Commissioner to show that (1)

plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)).

## ALJ'S FINDINGS

The ALJ found plaintiff was insured through September 30, 2012 (Tr. 19). At step one, he found Alea engaged in substantial gainful activity after onset, but worked at less than SGA levels in May and October 2008 (Tr. 19). At steps two and three, he found Alea suffers from a history of back complaints, with only mild disc protrusions, and moderately severe bilateral sensorineural hearing loss, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 20, 22). The ALJ found anxiety is not a severe impairment. He also found Alea not entirely credible (Tr. 23). ALJ Payne assessed an RFC for a range of light work, with the option to sit/stand at will and "limitations/restrictions for activities requiring normal/adequate

hearing, such as using the telephone" (Tr. 22). At step four, without taking a vocational expert's testimony, the ALJ found Alea is able to perform past relevant work as an audit clerk and bank teller (Tr. 23). Accordingly, the ALJ found plaintiff has not been disabled as defined by the Social Security Act at any time from onset through the date of his decision (Tr. 24).

**ISSUES**

Plaintiff alleges the ALJ erred when he weighed the evidence and assessed her credibility. ECF No. 13 at 8-9.

The Commissioner answers that although the ALJ erred when he failed to give reasons for rejecting Dr. Van Wey's opinion, the error is harmless because it did not affect the result. ECF No. 15 at 7-9. The Commissioner asserts the ALJ took into account the medical expert's testimony regarding plaintiff's limitations stemming from hearing loss by incorporating them into the assessed RFC. ECF No. 15 at 9-10. The Commissioner asserts plaintiff's remaining allegations with respect to the assessed RFC need not be considered by the court because they are not based on any identified "credible substantial evidence." ECF No. 15 at 10-11. Finally, the Commissioner responds that the ALJ gave specific, clear and convincing reasons for finding Alea less than fully credible. ECF No. 15 at 12-17. The Commissioner asks the court to affirm, or to remand for further administrative proceedings. ECF No. 15 at 16-18.

**DISCUSSION**

**A. Standards for weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751(9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                    - 7 -

advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir. 1995).

**B. Dr. Van Wey**

   Jennifer Van Wey, Psy.D., evaluated plaintiff in June 2008 and diagnosed generalized anxiety disorder and rule out depressive disorder. She assessed a GAF of 70, indicating mild problems or symptoms, and excluding medical ailments (Tr. 533-38). Plaintiff was working part-time, twelve hours per week, since September 2007 in a sandwich shop (Tr. 535).

   Alea told Dr. Van Wey her anxiety originally began due to a divorce at age 26 (Tr. 534). Dr. Klein opined it was unclear from the record "what was maintaining the anxiety over time" (Tr. 44). Alea reported taking paxil and attending weekly counseling for three years, in the past. Her physician referred her for counseling three months before the evaluation "but she did not know who to call." She has had three to four panic episodes a month for 20 years (Tr. 534). Dr. Van Wey opined Alea has "probable success" for long-term, *part-time employment*, as Dr. Klein observed (Tr. 44)(emphasis added). After Dr. Klein reviewed the record he opined plaintiff's anxiety is non-severe (Tr. 45).

   The Commissioner admits the ALJ erred when he failed to provide any reasons for discounting Dr. Wey's opinion, but asserts the error is harmless because it did not affect the result in this

case. ECF No. 15 at 9.

The court disagrees. Had the ALJ accepted Dr. Van Wey's opinion Alea could only work part-time based on her mental impairment alone, he may have found her disabled.

The ALJ gave greater weight to the reviewing psychologist's opinion than to the examining psychologist's, and this was error. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). Moreover, it is the ALJ's responsibility to give specific, legitimate reasons for discrediting an examining professional's opinion. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989).

An error is harmless if the ALJ would have reached the same result or substantial evidence still supports the decision. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). In this case the decision is not supported by substantial evidence and is based on errors of law. In addition to failing to properly credit or reject Dr. Van Wey's opinion that even with treatment plaintiff is only capable of part-time work, the ALJ erred at step four.

**C. Step four**

The ALJ assessed an RFC for a limited range of light work and concluded Alea is able to perform past work as a bank teller and audit clerk. The RFC assessed included the requirements of an "at will" sit/stand option and undefined "limitations/restrictions for activities requiring normal/adequate hearing, such as using the telephone" (Tr. 22).

Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. *Pinto v. Massanari*, 249 F.3d

840, 844 (9th Cir. 2001), citing SSR 82-62. *See also* 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974 and 416.965. This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. *Pinto*, 249 F.3d at 844-45, citing 20 C.F.R. §§ 404.1520(e) and 416.920(e). The claimant must be able to perform the actual functional demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61. This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work. SSR 82-62.

There is no evidence that a person with plaintiff's RFC could perform the work of a bank teller and audit clerk, either as actually or generally performed. The record shows plaintiff had increasing difficulty on the job due to her hearing impairment when she worked as a bank teller. The ALJ assessed an RFC with non-exertional limitations: the need to change positions at will, and a vague limitation caused by her hearing impairment. The failure to call upon a vocational expert was error. *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999). On remand the ALJ will consult a vocational expert if necessary.

**D. Credibility**

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d

683, 688 (9th Cir. 2005). The ALJ considered Alea's failure to obtain counseling when he weighed her credibility. While an *unexplained* failure to obtain or follow medical treatment diminishes credibility, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), Alea explained she had not followed up on some treatment "due to the inability to afford it" (Tr. 22). On remand the ALJ should re-evaluate credibility.

On remand the ALJ will conduct a new hearing, perform new steps two through four (and five if necessary) of the sequential evaluation, reassess plaintiff's residual functional capacity, re-evaluate plaintiff's credibility, and consider a vocational expert's testimony if necessary.

The court wishes to make clear that it expresses no opinion as to what the ultimate outcome on remand will or should be. "[Q]uestions of credibility and resolution of conflicts in the testimony are solely functions of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1981).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is not supported by substantial evidence and is based on errors of law.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED.** The case is **REVERSED and REMANDED** for further administrative proceedings.

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **DENIED.**

3. Requests for attorney fees may be filed by separate

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                              - 11 -

1  motion.

2      The District Court Executive is directed to file this Order,

3  provide copies to counsel for the parties, enter judgment in favor

4  of Plaintiff, and **CLOSE** the file.

5      DATED this 17th day of January, 2013.

6

7                    s/ James P. Hutton

                   JAMES P. HUTTON

8           UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                - 12 -